IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AI INFRASTRUCTURE PARTNERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-845-RP |
| | § | |
| WILLIAM WOODRUFF, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff AI Infrastructure Partners, LLC's ("Plaintiff" or "AIIP")

Emergency Application for Temporary Restraining Order and Supporting Memorandum. (Mot.,

Dkt. 2). Having reviewed the motion, the Court finds that Plaintiffs' request for a temporary

restraining order ("TRO") should be denied.

A TRO is "a highly accelerated and temporary form of preliminary injunctive relief, which

may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*,

No. 6:16-CV-453-RP, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017). But under Federal Rule of

Civil Procedure 65, a court may issue a TRO without written or oral notice to the adverse party **only**

if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that
> immediate and irreparable injury, loss, or damage will result to the movant before the
> adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice
> and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff does not certify in writing any efforts made to give notice to

Defendants or why notice should not be required, nor does it provide the court with facts in an

affidavit or verified complaint "clearly show[ing] immediate and irreparable injury, loss, or damage

will result to the movant before the adverse party can be heard in opposition." (*See* Mot. TRO, Dkt.

1

2). Thus, Plaintiffs have not satisfied both requirements for the issuance of a TRO under Rule 65(b)(1). *See CompuCom Sys., Inc. v. WJ Glob., LLC*, No. 3:14-CV-3625-L, 2014 WL 5032747, at *2 (N.D. Tex. Oct. 8, 2014) (denying Plaintiff's request for ex parte relief on same grounds); *Cotton*, 2017 WL 2999430, at *2 (W.D. Tex. Jan. 10, 2017) (denying Plaintiff's request for ex parte relief for failure to satisfy both requirements of Rule 65(b)).

Accordingly, **IT IS ORDERED** that Plaintiff's Emergency Application for Temporary Restraining Order and Supporting Memorandum, (Dkt. 2), is **DENIED** without prejudice to refiling.

**SIGNED** on April 8, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2